# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| ANTHONY NAQUAN WEST, #1152842, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | 3:08-CV-1044-K |
| | ) | |
| NATHANIEL QUARTERMAN, Director, | ) | |
| Texas Department of Criminal Justice, | ) | |
| Correctional Institutions Division, | ) | |
|     Respondent. | ) | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* petition for writ of habeas corpus filed by a state inmate pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is presently incarcerated at the Telford Unit of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID) in New Boston, Texas. Respondent is the Director of TDCJ-CID. The court did not issue process in this case pending preliminary screening.

Statement of Case: Following his plea of not guilty, a jury convicted Petitioner of capital murder and sentenced him to automatic life imprisonment. *State v. West*, No. F01-43488-LJ (Crim. Dist. Ct. No. 3, Dallas County, Oct. 10, 2002). The Court of Appeals affirmed his conviction and sentence. *See West v. State*, No. 05-02-01653-CR (Tex. App. -- Dallas, Dec. 19,

2003, pet. ref.). The Texas Court of Criminal Appeals (TCCA) refused a petition for discretionary review on May 26, 2004. *See* No. PD-0132-04.[1]

Subsequently, Petitioner filed three state habeas applications, pursuant to art. 11.07, Texas Code of Criminal Procedure -- the first on February 24, 2005, the second on December 28, 2006, and the third on March 14, 2008. (Attachment I, for documents reflecting date of filing of art. 11.07 applications). The TCCA dismissed the first application as non-complying on February 22, 2006, noting on the docket "Dismissed -- Non-compliance -- return to sender." *See Ex parte West*, WR-64,130-01. On February 27, 2008, the TCCA denied the properly-filed, second application without written order on the trial court's findings without a hearing. *Ex parte West*, WR-64,130-02. On June, 11, 2008, the TCCA dismissed the third application as successive under art. 11.07, § 4. *Ex parte West*, WR-64,130-03.[2]

In his federal petition, filed on June 23, 2008, Petitioner raises eleven grounds for habeas relief: (1) insufficiency of the evidence; (2-3) erroneous evidentiary rulings; (4, 10-11) ineffective assistance of trial and appellate counsel; (5) Brady violation; (6-8) trial court errors; (9) improper jury argument by prosecutor.[3]

---

[1] The docket sheets for Petitioner's direct appeal and petition for discretionary review are available at the following internet addresses: http://www.courtstuff.com/FILES/05/02/05021653.HTM; and http://www.cca.courts.state.tx.us/opinions/Case.asp?FilingID=223314.

[2] The docket sheets for Petitioner's art. 11.07 applications are available at the following internet addresses: http://www.cca.courts.state.tx.us/opinions/Case.asp?FilingID=241105, 257676, and 259970.

[3] For purposes of this recommendation, the petition is deemed filed on June 19, 2008, the date Petitioner certifies signing and placing it in the prison mailbox. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (holding that a federal petition is

Findings and Conclusions: The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. *See* 28 U.S.C. § 2244(d). The court may raise the affirmative defense of the statute of limitations *sua sponte*. *See Kiser v. Johnson*, 163 F.3d 326, 328-29 (5th Cir. 1999); *see also Day v. McDonough*, 547 U.S. 198, 210-11, 126 S.Ct. 1675, 1684-85 (2006).[4]

The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from filing his federal petition. Nor does he base his petition on any new constitutional right under subparagraph (C). With regard to subparagraph (D), the Court determines that the facts supporting the claims raised in the instant petition for habeas relief became known or could have become known prior to the date Petitioner's state judgment of conviction became final.

---

deemed filed for determining application of the AEDPA when the prisoner tenders it to prison officials for mailing).

[4] On July 28, 2008, the court issued an order to show cause, advising Petitioner of the one-year statute of limitations and granting him an opportunity to explain why his case should not be time barred or why the statute of limitations should be tolled on equitable grounds. Petitioner filed his response on August 13, 2008.

Thus, the Court will calculate the one-year statute of limitations from the date Petitioner's conviction became final at the conclusion of direct review or upon the expiration of the time for seeking such review. *See* 28 U.S.C. § 2244(d)(1)(A).

In this case, the conviction became final for purposes of the one-year period on August 24, 2004, ninety days after the TCCA refused the petition for discretionary review. *See* Sup. Ct. R. 13.1, 13.3 (2008); *Clay v. United States*, 537 U.S. 522, 528 n. 3, 123 S.Ct. 1072 (2003); *United States v. Gamble*, 208 F.3d 536, 536-37 (5th Cir. 2000). Thus, the one-year limitations period began to run on August 25, 2004, the day after Petitioner's conviction became final, and expired on August 24, 2005. *See Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998).

The AEDPA provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Petitioner filed his first state habeas application on February 24, 2005, 182 days before the one-year period expired. The TCCA dismissed that application for "noncompliance"on February 22, 2006. An application is properly filed under § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8, 121 S. Ct. 361 (2000); *see also Villegas v. Johnson*, 184 F.3d 467, 470 (5th Cir. 1999) (holding "that a 'properly filed application' is one that conforms with a state's applicable procedural filing requirements").[5]

---

[5] Rule 73.1, of the Texas Rules of Appellate Procedure, prescribes the form and its required contents to file for relief under article 11.07 of the Texas Code of Criminal Procedure. *See* Tex. R. App. Proc. 73.1.

Since Petitioner's first state application was dismissed for "non-compliance," it did not satisfy Texas' procedural requirements for an art. 11.07 application. As such, it did not constitute a properly filed application for purposes of statutory tolling. *See Causey v. Cain*, 450 F.3d 601, 605 n.6 (5th Cir. 2006) (citing *Edwards v. Dretke*, 116 Fed. Appx. 470, 471 (5th Cir. 2004) ("The initial filing of Edwards's state habeas corpus application did not constitute a 'properly filed' application . . . because the Texas Court of Criminal Appeals determined that the application failed to comply with Tex. R. App. P. 73.2.")); *Castro v. Dretke*, 127 Fed. Appx. 739, 2005 WL 1077369, *1 (5th Cir. 2005) (unpublished per curiam) (declining to grant statutory and equitable tolling for the period that his first state habeas application, which was returned to him because it was not on the proper form, was pending; noting that petitioner did not show exceptional circumstances or diligence).

Statutory tolling is also unavailable during the pendency of the second and third art. 11.07 applications. Although Petitioner properly filed them, the one-year limitations period had long expired on the dates that they were filed. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (no statutory tolling if state application is filed after the limitations period expired). Therefore, the federal petition is clearly time barred absent equitable tolling.

"The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *United States v. Patterson*, 211 F.3d 927, 930-31 (5th Cir. 2000) (quoting *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998)). In *Lawrence v. Florida*, ___ U.S. ___, 127 S.Ct. 1079, 1085 (2007), the Supreme Court stated that to be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely

filing. "[E]quity is not intended for those who sleep on their rights." *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999).

This is not a case in which Petitioner pursued "the process with diligence and alacrity." *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000). He waited nearly six month after his conviction became final before filing the first, non-complying state habeas application. After receiving notice of the dismissal on procedural ground, Petitioner did not immediately correct the deficiency, but rather waited an additional ten months and five days before filing the second state art. 11.07 application.

Petitioner provides no explanation for his dilatory conduct. Unexplained delays generally make the circumstances of a case not extraordinary enough to qualify for equitable tolling. *See Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999) (unexplained six-month delay after the state court denied the state petition); *Basalo v. Cockrell*, 2003 WL 21653864, *4 - 5, 3:02cv596-H (N.D. Tex., 2003) (accepting findings) (unexplained delay of eleven months between the date the conviction became final and the date of filing of the state habeas petition). "[E]quity is not intended for those who sleep on their rights." *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999).

Since the limitations period expired during the nearly one-year period during which Petitioner's non-complying initial art. 11.07 application was pending, it may be argued that this period should be equitably tolled. On the other hand, and ignorance of the fact that Texas state law requires that a habeas application comply with Tex. R. App. P. 73.2 does not warrant applying equitable tolling. *Fisher v. Johnson*, *supra*, 174 F.3d at 714 and n. 13. However, even if the one-year limitations period were equitably tolled, it would not result in the federal petition being timely filed. As noted above, given the expiration of time between the date on which his

6

conviction became final and the date on which he filed his non-complying state habeas application, and the additional ten-month delay between the date on which his initial art. 11.07 application was dismissed, and the date on which he filed his second application, the one-year period was exceeded by approximately 126 days when the latter was filed.

In response to the court's show cause order, Petitioner pleads "actual innocence" as a basis for equitable tolling. To the extent Petitioner asserts his actual innocence precludes the dismissal of his § 2254 petition, his claim is meritless. The one-year limitations period contains no explicit exemption for litigants claiming actual innocence of the crimes of which they have been convicted. Nor does a petitioner's actual innocence claim present a "rare and exceptional" circumstance warranting equitable tolling, given that many prisoners maintain their innocence. *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000).

Moreover, Petitioner has not shown that he has reliable new evidence that establishes he is actually innocent of the underlying crime. *See Schlup v. Delo*, 513 U.S. 298, 329, 115 S. Ct. 851 (1995); *see also Bousley v. United States,* 523 U.S. 614, 118 S. Ct. 1604 (1998) (addressing actual innocence claim in context of guilty plea). His response to the show cause order fails to identify any alleged newly discovered evidence.

"To establish the requisite probability that he was actually innocent, the [petitioner] must support his allegations with new, reliable evidence that was not presented at trial and must show that it was 'more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)); *accord Finley v. Johnson*, 243 F.3d 215, 221 (5th Cir. 2001); *United States v. Jones*, 172 F.3d 381, 384 (5th Cir. 1999).

Petitioner's unsupported, conclusory assertion of newly discovered evidence, falls far short of showing that it is more likely than not that no reasonable juror would have convicted him in light of alleged new evidence.

The party seeking equitable tolling bears the burden to show entitlement to such tolling. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). Because Petitioner has not carried his burden of showing that equitable tolling is warranted, the District Court should in its discretion refuse to apply equitable tolling in this case.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be DISMISSED as barred by the one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1).

Signed this 18th day of September, 2008.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

**ATTACHMENT I**